TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
JAMES A. KILCUP, OSB No. 173891
james.kilcup@stoel.com
KATE S. SHEPHERD, OSB No. 224891
kate.shepherd@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

KEVIN S. SCHWARTZ, *pro hac vice* pending
kschwartz@wlrk.com
NOAH B. YAVITZ, *pro hac vice* pending
nbyavitz@wlrk.com
ADAM M. GOGOLAK, *pro hac vice* pending
amgogolak@wlrk.com
SIJIN CHOI, *pro hac vice* pending
schoi@wlrk.com
JULIA M. BRUCE, *pro hac vice* pending
jmbruce@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: 212.403.1000

*Attorneys for Defendants Coinbase, Inc. and Coinbase Global, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| THE STATE OF OREGON, ex rel, DAN RAYFIELD, Attorney General for the STATE OF OREGON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COINBASE, INC. and COINBASE GLOBAL, INC.,<br><br>　　　　　Defendants. | Case No.: 3:25-cv-00952-JR<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**<br><br>**Expedited Hearing Requested** |

**L.R. 7-1(a) and (g) CERTIFICATION**

Counsel for Coinbase[1] conferred in good faith with counsel for Oregon on June 4, 2025 as to this Motion, in which Coinbase makes its first request to extend its time to respond to the Complaint. Oregon opposes this relief, and indicated that it "does not consent to the extension of any deadlines in federal court." Counsel for Coinbase also conferred regarding its request for expedited hearing, as absent an extension on an expedited basis, Coinbase's response to the Complaint would be due June 9, 2025. Oregon does not oppose the requested expedited hearing.

**INTRODUCTION**

Coinbase is the largest platform for the trading of digital assets in the United States. A month and a half ago, Oregon's Attorney General filed a 167-page, 509-paragraph complaint alleging that, for over a decade, Coinbase has violated state securities law by allowing Oregonians to trade digital assets through its nationwide marketplace. Coinbase agreed to accept service of the Complaint, while reserving its right to remove the action to this Court. In exchange, the Attorney General agreed — in writing — that Coinbase's response would be due August 1, "absent or after such removal." But now that Coinbase has removed this case to federal court, the Attorney General has ripped up that agreement. He instead demands that Coinbase respond to his complaint *by next Monday*, June 9. Coinbase is thus forced to move the Court for the extension to which the Attorney General previously agreed. As detailed below, good cause supports an extension of Coinbase's response deadline to August 1.

---

[1] Capitalized terms not defined herein have the definitions assigned in Coinbase's Notice of Removal. Dkt. No. 1. Defendants expressly reserve all rights and defenses, including as to jurisdiction.

Page 2 –   DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

**BACKGROUND**

On April 18, 2025, the Attorney General commenced this litigation by filing suit in the Circuit Court of the State of Oregon, represented by private counsel at Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll PLLC. Dkt. No. 1-1 (the "Complaint").

At first, professional courtesy prevailed. The parties' counsel quickly reached agreement that Coinbase would accept service of the Complaint in exchange for a reasonable extension on its time to respond. Keil Mueller of Keller Rohrback memorialized that agreement in his April 25 correspondence:

> The State will agree to a 60-day extension of the time for Defendants to file their response to the State's complaint if Defendants accept service by the end of next week. We generally will accommodate reasonable requests for extensions whenever possible on the understanding that you will extend the same courtesy to us.

Ex. 1 to the Declaration of Timothy W. Snider filed herewith, at 4 ("Ex. 1").

The parties expressly contemplated that Coinbase would remove to this Court. Indeed, when Mr. Mueller summarized the agreement, he noted that "the State's agreement to extend Defendants' response deadline does not extend the time to file a notice of removal." *Id.* Counsel to Coinbase "agree[d] that this extension to the response deadline does not affect any deadline for removal." *Id.* at 3. And to eliminate any possible confusion, counsel made clear that the same schedule would apply even if Coinbase removed the action, stating that "*absent or after such removal*, we calculate from service today that a response to the Complaint would be due August 1, 2025." *Id.* (emphasis added). Mr. Mueller confirmed that understanding: "We agree that, with the agreed-upon extension and calculated from service today, Defendants' response to the Complaint will be due August 1, 2025." *Id.* In reliance on those assurances, Coinbase accepted service on May 1 and turned to drafting its notice of removal.

Page 3 –   DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Coinbase timely removed the action to this Court on June 2. On June 3, counsel emailed Mr. Mueller to confirm consent to the August 1 response deadline. Ex. 1 at 2. Five hours later, Mr. Mueller responded — ignoring his prior correspondence and agreement — to reject *any* extension:

> The State did not and does not consent to the extension of any deadlines in federal court. The State believes that defendants improperly removed this action and will be moving to remand the action to Multnomah County Circuit Court.

*Id.* at 1. Absent relief, Coinbase must answer or otherwise respond to the Attorney General's 167-page Complaint on June 9, 2025 — in five days. Fed. R. Civ. P. 81(c)(2)(C).

## **ARGUMENT**

The Court has authority to extend filing deadlines "for good cause." Fed. R. Civ. P. 6(b)(1)(A). This rule endows the Court with "wide discretion to grant a request for additional time," in the exercise of which "an application for extension of time . . . normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ferguson* v. *Smith*, No. 3:18-CV-00372-SB, 2024 WL 1070812, at *4 n.6 (D. Or. Mar. 12, 2024) (quoting 4B Wright & Miller, *Federal Practice & Procedure* § 1165 (4th ed. Dec. 2023 update)).[2]

Good cause supports an extension of Coinbase's response deadline to August 1. The Complaint in this proceeding claims securities violations spanning 13 years, involving scores of digital assets and an unknown number of individual transactions. As previewed in its Notice of Removal, Coinbase will seek dismissal under Rule 12, including because the action exceeds the Attorney General's statutory authority, flouts multiple provisions of the federal Constitution, and misapplies state law. *See* Dkt. No. 1 ¶¶ 11-12, 26. But Coinbase should not be required to catalogue the many defects of the Attorney General's sprawling pleadings in the space of less than a week.

---

[2] *See also, e.g.*, *Patterson* v. *Oregon Dept. of Revenue, et al.*, 16-cv-01344-JR, Dkt. No. 12 (D. Or. June 30, 2016) (granting motion for extension of time to answer complaint).

Page 4 –   DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Oregon cannot plausibly claim it will suffer prejudice from the requested extension, not least because its lawyers have previously consented to it. In reneging on that agreement, the Attorney General suggests that his consent did not survive the two-block walk from state to federal court. That position is refuted by the record of the party's correspondence. *See* Ex. 1. It also defies logic. The Attorney General intends to seek remand. If he has his way, there will be no substantive litigation in this Court; either way, the remand motion will be center stage for months. On that posture, the sensible result is for Coinbase's response to be deferred — or even stayed pending resolution of Oregon's promised remand motion.[3] Instead, the Attorney General demands just the opposite, insisting that Coinbase must respond to his Complaint *53 days earlier* in this Court than in his preferred forum and contrary to the parties' agreement to extend the deadline irrespective of forum. There is no explanation for this position; it is gamesmanship.

Coinbase, meanwhile, will suffer significant prejudice if the Court denies its good-faith request for relief. Since April 25, Coinbase has organized its defense of this litigation in reasonable reliance on the written scheduling commitment of the Attorney General, with a view to preparing over the coming two months an orderly presentation of the many arguments supporting dismissal in a response to the Complaint to be filed on August 1. Such a short and reasonable extension request would be merited in the absence of any agreement, but it is especially merited here given counsel's prior representations and agreement to such an extension.

---

[3] Coinbase reserves the right to seek a stay of its response if appropriate following review of the Attorney General's forthcoming motion to remand. *Cf. Liberty Partners L.P.* v. *U.S. Specialty Ins. Co.*, 11-cv-1359-JST, Dkt. No. 20 (C.D. Cal. Sept. 28, 2011) (granting stay of motion to dismiss pending resolution of motion to remand where the "Court must resolve the jurisdictional issues that will be raised by Plaintiffs' motion to remand before ruling on Defendants' motion to dismiss").

Page 5 –   DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

**CONCLUSION**

The State should not be permitted to derive strategic benefit from its decision to renege on the parties' scheduling agreement, and in any case good cause supports an extension of Coinbase's response deadline. For the reasons stated above, Coinbase respectfully requests that the Court enter an order setting an August 1, 2025 deadline for response to the Complaint, consistent with the Attorney General's prior agreement and for good cause shown.

DATED: June 4, 2025                 STOEL RIVES LLP

*s/ Timothy W. Snider*
TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
JAMES A. KILCUP, OSB No. 173891
james.kilcup@stoel.com
KATE S. SHEPHERD, OSB No. 224891
kate.shepherd@stoel.com

AND

KEVIN S. SCHWARTZ, *pro hac vice* pending
kschwartz@wlrk.com
NOAH B. YAVITZ, *pro hac vice* pending
nbyavitz@wlrk.com
ADAM M. GOGOLAK, *pro hac vice* pending
amgogolak@wlrk.com
SIJIN CHOI, *pro hac vice* pending
schoi@wlrk.com
JULIA M. BRUCE, *pro hac vice* pending
jmbruce@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019

*Attorneys for Defendants Coinbase, Inc. and Coinbase Global, Inc.*