Keil M. Mueller, OSB No. 085535
Jennifer S. Wagner, OSB No. 024470
Yoona Park, OSB No. 077095
Norjmoo Battulga, OSB No. 242037
KELLER ROHRBACK L.L.P.
601 S.W. Second Avenue, Suite 1900
Portland, OR 97204
Tel. (971) 253-4600 Fax (206) 623-3384
kmueller@kellerrohrback.com
jwagner@kellerrohrback.com
ypark@kellerrohrback.com
nbattulga@kellerrohrback.com

*Attorneys and Special Assistant*
*Attorneys General for Plaintiff*
[Additional Counsel listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DIVISION PORTLAND

| | |
|---|---|
| THE STATE OF OREGON, EX REL. DAN RAYFIELD, ATTORNEY GENERAL FOR THE STATE OF OREGON,<br><br>                              Plaintiff,<br><br>v.<br><br>COINBASE, INC. AND COINBASE GLOBAL, INC.,<br><br>                              Defendants. | No. 3:25-cv-00952-JR<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

## I.      INTRODUCTION

Plaintiff State of Oregon (the "State"), by and through its Attorney General, Dan Rayfield,

opposes the request by defendants Coinbase, Inc. and Coinbase Global, Inc. (collectively,

"Defendants") to extend the deadline for Defendants to respond to the State's complaint to August 1, 2025.

## II.    BACKGROUND

On April 18, 2025, the State filed its securities enforcement action asserting claims under the Oregon Securities Law against Defendants in Multnomah County Circuit Court. The State's counsel provided Defendants' counsel a courtesy copy of the complaint the same day.

On April 24, 2025, Defendants' counsel requested an additional 60 days to respond to the complaint, beyond the 30 days after acceptance of service Defendants would have had under Oregon state court rules. ECF 10-1 at 4. The State was skeptical that Defendants required a full three months to respond to the complaint given that Defendants already were represented by two full-service law firms and that Defendants previously had defended against similar securities enforcement litigation brought by the Securities and Exchange Commission (the "SEC"). Nonetheless, as a show of good faith, the State agreed to Defendants' requested extension. *Id.*

Since then, rather than use the additional time to develop its response to the State's complaint, Defendants have issued an unending stream of extremely broad records requests under the Oregon Public Records Law. At approximately 4:30 p.m. on Friday, May 2, Defendants issued public records requests to the Office of the Governor, the Oregon Department of Justice, the Oregon Department of Consumer and Business Services, and the Oregon Public Employee Retirement System. A week later, at approximately 4:30 p.m. on Friday, May 9, Defendants issued additional public records requests to the Office of the Governor, the Oregon Department of Justice, the Oregon Department of Consumer and Business Services, and the Oregon State Treasury. The next week, again at approximately 4:30 p.m. on Friday, May 16, Defendants issued another set of requests to the Office of the Governor, the Oregon Department of Justice, the Oregon Department

of Consumer and Business Services, and the Oregon State Treasury. On Friday, May 23, again at approximately 4:30 p.m., Defendants submitted requests to the Office of the Governor, the Oregon Department of Justice, the Oregon Department of Consumer and Business Services. Finally, on Friday, May 30, Defendants issued yet another set of requests the Oregon State Treasury, at approximately 4:30 p.m., and to the Oregon Department of Justice, at approximately 11:30 p.m. In total, Defendants have submitted seventeen sets of requests totaling approximately 60 pages, including five separate sets of requests to the Oregon Department of Justice, four sets of requests to the Office of the Governor, four sets of requests to the Oregon Department of Consumer and Business Services, and three sets of requests to the Oregon State Treasury, and a request to the Oregon Public Employee Retirement System.

On June 2, 2025, Defendants removed this case to this Court. The State believes removal of this state-law action brought to enforce Oregon law and to protect Oregon residents was improper and intends to move the Court to remand the case to Multnomah County Circuit Court.

### III.    ARGUMENT

Given that removal of this case to this Court was improper, the State is not interested in negotiating scheduling in a forum where the case does not belong. The State understands that Defendants intend to move to dismiss the State's complaint. The State should not be required to litigate that motion before its forthcoming motion to remand is decided.

At the same time, Defendants have taken advantage of the State's previous attempt to accommodate their representation that they needed a full three months to respond to the complaint by using the additional time to issue serial public records requests. Defendants' actions demonstrate that they have more than adequate attorney resources available to respond to the State's enforcement claims before August 1, 2025. Defendants should not be further rewarded for

their improper removal of this case to federal court by further delaying their time to respond to the State's complaint while the parties litigate the State's remand motion.

Defendants already have had more than a month to consider their response to the State's complaint. Under the circumstances, although Defendants' response is currently due June 9, 2025 pursuant to FRCP 81, as a reasonable compromise, the Court should require Defendants to respond to the State's complaint within 21 days of Defendants' removal of this case to this Court, i.e., June 23, 2025, which is the same amount of time Defendants would have had to respond had the complaint been served the day Defendants removed the case (under either FRCP 81 or FRCP 12).

## IV.    CONCLUSION

For the reasons stated above, the State respectfully requests that the Court deny Defendants' request to extend the time for Defendants to respond to the State's complaint to August 1, 2025, and order Defendants to respond to the complaint by June 23, 2025.

DATED this 6th day of June, 2025.

Dan Rayfield
Attorney General

BRIAN A. DE HAAN, OSB#155251
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel.: 971-673-1880
Fax: 971-673-1888
Email:  brian.a.dehaan@doj.oregon.gov

*Of Attorneys for Plaintiff*

_s/ Keil M. Mueller_
Keil M. Mueller, OSB No. 085535
Jennifer S. Wagner, OSB No. 024470
Yoona Park, OSB No. 077095
Norjmoo Battulga, OSB No. 242037
**KELLER ROHRBACK L.L.P.**
601 S.W. Second Avenue, Suite 1900
Portland, OR 97204
(971) 253-4600
Fax (206) 623-3384
Email:  kmueller@kellerrohrback.com
        jwagner@kellerrohrback.com
        ypark@kellerrohrback.com
        nbattulga@kellerrohrback.com

*Special Assistant Attorneys
General for Plaintiff*


Julie G. Reiser (*pro hac vice* forthcoming)
Margaret (Emmy) Wydman (*pro hac vice*
forthcoming)
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
1100 New York Avenue, N.W., Suite 800
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
Email:  jreiser@cohenmilstein.com
        ewydman@cohenmilstein.com

Christopher J. Bateman (*pro hac vice* forthcoming)
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
88 Pine St., 14th Floor
New York, NY 10005
Tel.: (212) 838-7797
Fax: (212) 838-7745
Email:  cbateman@cohenmilstein.com

*Special Assistant Attorneys
General for Plaintiff*

4919-8129-0826, v. 5