Keil M. Mueller, OSB No. 085535
Jennifer S. Wagner, OSB No. 024470
Yoona Park, OSB No. 077095
Norjmoo Battulga, OSB No. 242037
KELLER ROHRBACK L.L.P.
601 S.W. Second Avenue, Suite 1900
Portland, OR 97204
Tel. (971) 253-4600 Fax (206) 623-3384
kmueller@kellerrohrback.com
jwagner@kellerrohrback.com
ypark@kellerrohrback.com
nbattulga@kellerrohrback.com

*Special Assistant Attorneys General for Plaintiff*
[Additional Counsel listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DIVISION PORTLAND

| | |
|---|---|
| THE STATE OF OREGON, EX REL. DAN RAYFIELD, ATTORNEY GENERAL FOR THE STATE OF OREGON,<br><br>            Plaintiff,<br><br>v.<br><br>COINBASE, INC. AND COINBASE GLOBAL, INC.,<br><br>            Defendants. | No. 3:25-cv-00952-JR<br><br>**PLAINTIFF STATE OF OREGON'S MOTION TO STAY OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO RESPOND TO COINBASE'S MOTION TO DISMISS**<br><br>**Expedited Hearing Requested** |

**PLAINTIFF'S MOTION TO STAY**

## I.     LR 7-1(A) CERTIFICATION

In compliance with Local Rule 7-1(a), Plaintiff State of Oregon certifies that counsel for the parties discussed the issues that are the subject of this motion by video/telephone conference on August 6, 2025 in a good faith effort to resolve this dispute, but that they were unable to do so. Counsel also conferred regarding the State's request for expedited hearing, as absent an extension on an expedited basis, the State's response to Defendants' motion to dismiss would be due August 15, 2025. Defendants do not oppose the requested expedited hearing. The parties agreed that Defendants will file their response to this motion no later than 5:00 p.m. Pacific time on Tuesday, August 12, 2025.

## II.     MOTION

For the reasons explained in the accompanying Memorandum, Plaintiff State of Oregon ("the State," "Oregon") moves the Court for an order staying this case pending resolution of the State's Motion to Remand (ECF No. 19) by this Court.[1] The requested stay would not extend to any appeal of this Court's order regarding remand. In the alternative, the State moves the Court for an extension of the State's time to respond to Defendants' motion to dismiss. In support of this motion, Oregon relies on the memorandum below and the record in this matter.

## III.     MEMORANDUM

### A.     Relevant Background[2]

By and through its Attorney General, the State brought suit against Coinbase, Inc. and Coinbase Global, Inc. (collectively, "Coinbase") in Oregon state court for Coinbase's ongoing

---

[1] The State reserves its rights to seek a protective order against the privileged and case-specific information Coinbase has been seeking from the Attorney General and Oregon state agencies.

[2] The background of this Action is set forth in detail in the State's remand motion, *see* ECF No. 19 at 1–5, so the State repeats only the facts necessary to resolve the present motion to stay.

sales of high-risk, unregistered crypto assets to Oregonians in violation of the Oregon Securities Law. Am. Compl. ¶¶ 1, 505, ECF No. 18. Coinbase then removed the action to federal court, alleging that the claims necessarily raised a federal question and that they implicated federal officer jurisdiction by way of a contract with the U.S. Marshals Service ("USMS"). Not. of Removal, ECF No. 1. The State timely moved to remand, explaining that the action is better suited for state court adjudication because neither of Coinbase's removal arguments withstands scrutiny. *See* Mot. to Remand, ECF No. 19. The remand motion was fully briefed on July 30, *see* ECF Nos. 25, 31, and two days later, Coinbase moved to dismiss the case in its entirety, arguing that the Attorney General lacks statutory authority to bring this enforcement action and that the Court lacks personal jurisdiction over either defendant, *see* Mot. to Dismiss, ECF No. 34.

In light of the outstanding motion to remand, the State now moves to stay the proceedings pending resolution of that motion by this Court. A stay is appropriate because, as described below, (1) courts uniformly resolve motions to remand prior to motions to dismiss and (2) the interests implicated by a stay, such as judicial economy, weigh in favor of pausing the proceedings, particularly given Coinbase's unanticipated dismissal arguments.

**B.     Legal Standard**

The district court's power to stay proceedings arises out of its "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Schumann v. Amazon.com Inc.*, No. 3:20-CV-1751-JR, 2021 WL 5069178, at *3 (D. Or. July 19, 2021), *report and recommendation adopted sub nom. Schumann v. Amazon.com Inc.*, No. 3:20-CV-1751-JR, 2021 WL 5053288 (D. Or. Nov. 1, 2021); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The interests implicated by a stay include:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc.*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). The Court has broad discretion when considering a request for a stay. *Landis*, 299 U.S. at 254–55. And the Court has discretion to grant an extension of time upon a showing of good cause. Fed. R. Civ. P. 6(b)(1).

**C.     Argument**

    **1.     The Court Should Stay the Case Until the Remand Motion Is Resolved**

Judicial economy considerations and the need to first resolve the threshold jurisdiction questions presented by the State's motion to remand counsel in favor of staying these proceedings until that motion is adjudicated. This is especially true where, as here, Coinbase's motion to dismiss raises unanticipated, purportedly dispositive, state law-specific arguments that are best addressed by the state court if the case is remanded (as the case should be).

To start, the remand motion implicates threshold subject matter jurisdictional questions, which the Court has an "obligation to address . . . before turning to the merits of the case." *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010) (citing *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021 (9th Cir. 2007)); *Potter v. Hughes*, 546 F.3d 1051, 1056 n.2 (9th Cir. 2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues."). This is a matter of "efficien[cy]," particularly in removal actions where "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999) (internal quotation marks and citation omitted). For this reason, courts in the Ninth Circuit uniformly address a motion to remand prior to a pending motion to dismiss, including staying dismissal briefing. *See, e.g.*, *Pooshs v. Altria Grp., Inc.*, 331 F. Supp. 2d 1089, 1091 (N.D. Cal. 2004) (noting

that "[t]he court stayed briefing on the motions to dismiss pending the ruling on the motion to remand"); *Toth v. Guardian Indus. Corp.*, No. 1:12-CV-0001 LJO DLB, 2012 WL 1076213, at *1 (E.D. Cal. Mar. 29, 2012) (same); *Ilczyszyn v. Sw. Airlines Co.*, No. C-15-2768 EMC, 2015 WL 5157372, at *1 (N.D. Cal. Sept. 1, 2015) ("deferr[ing] Defendants' motion to dismiss until after the remand motion is resolved"); *Simon v. Bank of Am., N.A.*, No. 10-CV-00300-GMN-LRL, 2010 WL 2609436, at *2 (D. Nev. June 23, 2010) ("Though filed later, Plaintiff's motion to remand should be addressed before the motion to dismiss, as remand involves the jurisdiction of the Court."); *see Ladonicolas v. Beury*, 21 F.3d 1114 (9th Cir. 1994) (holding that district court should have addressed remand motion before ruling on motion to dismiss).

Similarly, courts regularly stay other motions or proceedings pending resolution of a motion to remand. *See, e.g.*, *Wilson v. Bristol W. Ins. Grp.*, No. 209-CV-00006-KJD-GWF, 2009 WL 3105602, at *6 (D. Nev. Sept. 21, 2009) ("The Court will, therefore, grant an interim stay of this action pending the District Judge's decision on motion to remand."); *Shaw v. Daifuku N. Am. Holding Co.*, No. 221CV01461DADJLT, 2021 WL 5578554, at *2 n.1 (E.D. Cal. Nov. 30, 2021) ("After removing this action, defendants filed a motion to consolidate . . . . That motion has been stayed pending the outcome of the pending motion to remand at issue here."). The Court should do the same here, particularly in light of the impact the remand decision would have on both the substance and procedure of the case, as evidenced by an analysis of the interests at stake. Given that the dismissal motion is not fully briefed yet, a stay is appropriate to avoid "complicating of issues, proof, and questions of law" and causing the "hardship" of litigating the motion under federal procedural standards and federal case law, just to be remanded to state court and need to re-brief the motion under state precedent. *See, e.g.*, CMAX, Inc., 300 F.2d at 268; *In re PG&E*

*Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024); *Pooshs*, 331 F. Supp. 2d at 1091; *Toth*, 2012 WL 1076213, at *1.

And as to the specific arguments in the dismissal motion, the interests also support a stay, as the Court's adjudication of the remand motion will inform the State's opposition. For example, in its remand opposition, Coinbase argued that an essential element of the services it provides to the USMS is a nationwide platform that specifically includes liquidity from Oregon investors. *See* Opp. to Mot. to Remand at 3–4, 6, 8, 18, ECF No. 25. Meanwhile, in its motion to dismiss, Coinbase argues that neither Defendant "purposefully availed themselves of the privilege of conducting activities in Oregon." Mot. to Dismiss at 13 (citation modified and omitted). The Court's remand ruling is likely to provide guidance as to these arguments through its disposition of the federal officer jurisdiction argument, the resolution of which is relevant to the State's response to the personal jurisdiction question. It would therefore be an unnecessary and premature expense of resources by both parties to continue briefing the personal jurisdiction question posed by the motion to dismiss without this insight from the Court. *Gage v. Cox Commc'ns, Inc.*, No. 216CV02708KJDGWF, 2017 WL 1536220, at *2 (D. Nev. Apr. 27, 2017) (finding that "both parties would be potentially harmed by unnecessary briefing and premature expenditures of time, attorney's fees, and resources if [the] Motion to Stay were not granted."); *RH Kids, LLC v. Lehman*, No. 2-17-CV-01004, 2018 WL 295562, at *2 (D. Nev. Jan. 4, 2018) ("The outcome of the [outstanding] question has the potential to result in resolution of the entire case" so "[w]ithout a stay, the parties will expend resources that will be unnecessary if the motion is granted.").

Additionally, at the core of Coinbase's motion to dismiss are questions of Oregon state law, including statutory interpretation of a provision of the Oregon Securities Law that it appears Oregon courts have not previously addressed (i.e., the Attorney General's authority to enforce the

Oregon Securities Law under Or. Rev. Stat. § 59.331). *See* Mot. to Dismiss at 5–12. In so doing, Coinbase is asking a federal court to interpret and apply Oregon legislative history in a manner contrary to the unambiguous text of the state statute in order to deprive the Oregon Attorney General of his statutory enforcement power. *See id.* at 8–9. Reinforcing the State's arguments for remanding this case to state court, such state law-specific questions—particularly those with such far-reaching consequences for the State—are best answered by Oregon state courts, including (if necessary) the Oregon Supreme Court as "the ultimate exposito[r] of [Oregon] state law." *Riley v. Kennedy*, 553 U.S. 406, 425 (2008) (quoting *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)). Proceeding to fully brief these issues now in federal court makes little sense when Coinbase's own motion highlights the centrality of Oregon state law to this case and how the case belongs in Oregon state court.

Coinbase would experience no damage as a result of this temporally limited and reasonable stay. Indeed, Coinbase would also benefit from a time and effort perspective given that if the parties complete dismissal briefing now, for the reasons explained above, Coinbase may be responding to and supporting briefs that are affected by the Court's handling of the remand motion. *See Gage*, 2017 WL 1536220, at *2; *RH Kids*, 2018 WL 295562, at *2.

Put simply, the balance of interests weighs in favor of a stay,[3] *Landis*, 299 U.S. at 245–55, which "will benefit all parties involved as well as the Court," *RH Kids*, 2018 WL 295562, at *2.

---

[3] As mentioned, *supra* note 1, a stay of the proceedings would not inhibit the State from seeking a protective order against Coinbase's attempts to obtain privileged information from the State.

### 2. Alternatively, the Court Should Grant the State's Request for an Extension of Time to Respond to Coinbase's Motion to Dismiss

While the State believes a stay is appropriate in light of the pending motion to remand, should the Court disagree, good cause exists for the Court to issue a modest extension of time for the State's response to Coinbase's motion to dismiss.

Coinbase's motion sets forth three bases for dismissal (as well as an argument that the claims are partly barred by the statute of limitations)—one regarding the Attorney General's authority to litigate these claims, and two distinct personal jurisdiction arguments, *see* Mot. to Dismiss at 1–2—which necessarily entails a more involved response from the State. Notably, Coinbase had over three months to formulate these arguments since being served with the State's complaint in mid-April, compared to the two weeks the State has to respond under the Local Rules. *See* L.R. 7-1(e). As such, the State's request for a four-week extension seeks only half the time Coinbase had to compose its brief, and will allow the State to produce the best quality briefing for the Court. *See Coleman-Fire v. Standard Ins. Co.*, No. 3:18-CV-00180-SB, 2020 WL 905214, at *4 (D. Or. Feb. 25, 2020) (explaining that "good writing takes an extraordinary amount of time, especially in complex cases"). The State would readily agree to a modest extension for Coinbase's reply.

The requested extension is reasonable compared to the lifecycle of a case of this complexity and will still enable the Court to adjudicate the motion in early fall. *See, e.g.*, *Rebecca Bamberger Works, LLC v. Bamberger*, No. 24-CV-706 JLS (DDL), 2024 WL 4311651, at *2 (S.D. Cal. Sept. 25, 2024) (granting limited briefing extension that allowed the court to "remain approximately on schedule"). For these reasons, should the Court deem a stay inappropriate, good cause nonetheless exists for a four-week extension of the State's response deadline (from August 15 to September 12).

## IV. CONCLUSION

For the reasons set forth above, the State respectfully requests that the Court grant its motion for a stay of the proceedings pending resolution by this Court of the outstanding motion to remand or, in the alternative, extend its time to respond to the motion to dismiss to September 12.

RESPECTFULLY SUBMITTED this 8th day of August, 2025.

    Dan Rayfield
    Attorney General

    BRIAN A. DE HAAN, OSB#155251
    Senior Assistant Attorney General
    Oregon Department of Justice
    100 SW Market Street
    Portland, OR 97201
    Tel.: 971-673-1880
    Fax: 971-673-1888
    Email: brian.a.dehaan@doj.oregon.gov

    *Of Attorneys for Plaintiff*

    *s/ Keil M. Mueller*
    Keil M. Mueller, OSB No. 085535
    Jennifer S. Wagner, OSB No. 024470
    Yoona Park, OSB No. 077095
    Norjmoo Battulga, OSB No. 242037
    **KELLER ROHRBACK L.L.P.**
    601 S.W. Second Avenue, Suite 1900
    Portland, OR 97204
    (971) 253-4600
    Fax (206) 623-3384
    kmueller@kellerrohrback.com
    jwagner@kellerrohrback.com
    ypark@kellerrohrback.com
    nbattulga@kellerrohrback.com

    Julie G. Reiser (*pro hac vice*)
    Margaret (Emmy) Wydman (*pro hac vice*)
    **COHEN MILSTEIN SELLERS**
    **& TOLL PLLC**
    1100 New York Avenue, N.W., Suite 800
    Washington, D.C. 20005
    Tel.: (202) 408-4600

Fax: (202) 408-4699
jreiser@cohenmilstein.com
ewydman@cohenmilstein.com

Christopher J. Bateman (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine St., 14th Floor
New York, NY 10005
Tel.: (212) 838-7797
Fax: (212) 838-7745
cbateman@cohenmilstein.com

*Special Assistant Attorneys General for Plaintiff*

## CERTIFICATE OF COMPLIANCE

      This brief complies with the applicable page-count limitation under LR 7-2(b) because it does not exceed 35 pages.

Dated:  August 8, 2025                                        *s/ Keil M. Mueller*
                                                                 Keil M. Mueller, OSB No. 085535